JS 44 (Rev. 10/20) **CIVIL COVER SHEET** County in which action arose: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LA ROSITA INC.

**(b)** County of Residence of First Listed Plaintiff: Wayne County, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
The United States of America, United States Department of Agriculture, and United States Department of Agriculture, Food and Nutrition Service

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 C.F.R 278.6(f)(1), Arbitrary and Capricious Agency Action in Violation of the Administrative Procedure Act.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/21/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Reese Serra

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes :

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

LA ROSITA INC.
a Michigan Corporation,

    Plaintiff,                                        Case No. 26-

    v.                                                          Hon.

The United States of America,

United States Department of
Agriculture,

United States Department of
Agriculture, Food and Nutrition Service,

    Defendants.

---

THE PRIVATE FIRM PLLC
Reese Serra, Esq. (P74482)
Mateusz Wozniak (P78554)
*Attorneys for Plaintiffs*
125 E Third St, Ste. 100
Rochester, MI 48307
(248) 781-4501
info@thefirm.net

---

**VERIFIED COMPLAINT**

There is no other pending or resolved civil action arising
out of the transactions or occurrences alleged in this Complaint.

    /s/ *Reese Serra*
REESE SERRA (P74482)

Page 1 of 13

NOW COME Plaintiff, LA ROSITA INC., a Michigan Corporation ("La Rosita"), by and through its undersigned counsel, and for its Verified Complaint against Defendant USDA a government agency ("USDA") and states as follows:

## INTRODUCTION

1. This is an action for de novo judicial review under 7 U.S.C. § 2023 challenging the Final Agency Decision of the United States Department of Agriculture ("USDA") and its subagency, Food and Nutrition Service ("FNS"), which imposed a six-month disqualification of La Rosita Inc. from participation in the Supplemental Nutrition Assistance Program ("SNAP"). An appeal was filed on May 23, 2024 **Exhibit 1 – Appeal** and on September 18, 2025 **Exhibit 2 – 2nd Appeal**.

2. Even assuming arguendo that isolated technical violations occurred, federal law entitled Plaintiff to no greater penalty than a Civil Money Penalty ("CMP") because disqualification would cause hardship to SNAP households within the meaning of 7 C.F.R. § 278.6(f)(1).

3. The Final Agency Decision rests on a conclusory store-comparison analysis that disregards real-world SNAP household behavior, walkability, disability, age, and lack of vehicle access, and therefore misapplies governing law.

## JURISDICTION, VENUE AND PARTIES

4. Plaintiff, La Rosita Inc., a Michigan corporation, is a SNAP-authorized retail

food store located at 7849 McGraw Avenue, Detroit, Michigan, in the County of Wayne.

5. Defendant U.S. Department of Agriculture is the federal administrative agency that Congress tasked with administering SNAP.

6. Defendant Food & Nutrition Service is a subagency of the USDA. FNS promulgated the regulation at issue, and its agents imposed a six month disqualification by La Rosita to accept SNAP payments.

7. Defendant United States of America is a party to this suit pursuant to 7 U.S.C. § 2023.

8. This Court has jurisdiction over this action under 7 U.S.C. § 2023(a)(15) (de novo judicial review), and 28 U.S.C. § 1331 (federal question), § 1346 (U.S. as defendant).

9. Venue lies in this Court based on 28 U.S.C. § 1391(e), 7 U.S.C. § 2023(a)(13), and 7 C.F.R. § 279.7(a). La Rosita is a resident of Wayne County, Michigan, which is within the Eastern District of the United States District Court for the District of Michigan.

**FACTUAL BACKGROUND & GENERAL ALLEGATIONS**

**A. La Rosita's Role in the Community**

10. La Rosita is a full-service neighborhood supermarket offering affordable, fresh produce, a meat counter, deli meats and cheeses, and staple grocery

items for over twenty years.

11. The neighborhood surrounding La Rosita is a low-income community with a high concentration of SNAP households.

12. The area is not served by any <u>big-box retailers or large chain supermarkets,</u> such as Kroger or Meijer, and residents do not have reasonable access to national grocery chains or warehouse-style food retailers. **<u>Exhibit 3 – Google Maps – Supermarket Map</u>**

13. While there are several other purported grocery stores somewhat in the are those are mainly liquor stores that sell some food items and not the full selection of nutritious food that La Rosita provides.

14. Many residents in the immediate vicinity are poor, elderly, disabled, and without access to personal vehicles, and therefore rely on walking or limited public transportation for daily necessities, including food.

15. For these SNAP households, food access is governed by walkability and functional accessibility, not abstract mileage or theoretical availability of stores listed within a geographic radius.

16. La Rosita is the largest and most comprehensive supermarket located in the heart of the community, and is uniquely walkable for neighborhood SNAP households.

17. Alternative stores cited by FNS are not meaningfully accessible to many

residents because they require substantially longer travel distances by foot, traverse unsafe or impractical routes, or lack equivalent food selection.

18. As a result, La Rosita functions as the primary, if not sole, practical source of nutritious, SNAP-eligible food for a significant portion of the surrounding community in this area of southwest Detroit.

### B. The Alleged Violations

19. FNS investigators identified five transactions in late 2023 involving the acceptance of SNAP benefits for non-food items.

20. FNS investigators identified five transactions in late 2023 involving the acceptance of SNAP benefits for non-food items.

21. These transactions occurred during a brief investigative window and were not accompanied by any allegation of trafficking, fraud, or intent.

22. Investigative reports expressly acknowledge that:

   a. Clerks refused to exchange SNAP benefits for cash; and
   b. Clerks refused ineligible items during other investigative visits.
   c. These facts rebut any claim of systemic disregard for SNAP rules or intentional misconduct.

### C. Technical Failures and Misclassification

23. At the time of the alleged violations, La Rosita operated an outdated SPS-530 point-of-sale system and a malfunctioning EBT terminal.

24. The system erroneously misclassified EBT transactions as credit card transactions, creating the appearance of improper acceptance despite clerk refusals and compliance efforts.

25. The system did not reliably separate SNAP-eligible from ineligible items, requiring manual input and increasing the risk of technical error.

**D. Immediate Corrective Action**

26. Before issuance of the Final Agency Decision, La Rosita:

    a. Replaced its POS system with a modern system capable of automatic SNAP eligibility separation;

    b. Installed a new EBT terminal;

    c. Reinforced employee training and supervision protocols.

27. La Rosita has committed no violations since implementation of these measures.

**E. FNS's Store-Comparison Analysis**

28. FNS denied CMP eligibility based on the assertion that other authorized stores existed within approximately one mile.

29. This analysis:

    a. Treats distance as dispositive while ignoring walkability, which is essential in this circumstance;

    b. Ignores age, disability, and lack of vehicle access;

    c. Assumes SNAP households shop interchangeably across stores regardless of physical and economic constraints.

30. FNS characterized the resulting loss of access as mere "inconvenience," contrary to SNAP's remedial purpose.

## SUPPORTING CASE LAW

31. Courts within the Sixth Circuit have repeatedly held that SNAP disqualification decisions must meaningfully assess actual access to food by SNAP households, not merely the existence of other authorized stores within a nominal geographic radius. See Bakery & Confectionery Union & Indus. Int'l Pension Fund v. NLRB, 118 F.3d 1011, 1016 (6th Cir. 1997) (agency action is arbitrary and capricious where it relies on conclusory reasoning and fails to consider relevant factors).

32. Federal courts reviewing SNAP sanctions have emphasized that the hardship inquiry under 7 C.F.R. § 278.6(f)(1) requires consideration of transportation barriers, walkability, disability, age, and real-world shopping behavior, and that inconvenience alone does not defeat a showing of hardship where access to nutritious food would be meaningfully impaired. See Kim v. United States, 121 F.3d 1269, 1273–74 (9th Cir. 1997) (recognizing hardship where nearby alternatives were not realistically accessible to SNAP households).

33. Courts also recognize that where violations are non-trafficking, isolated, and

technical in nature, and the retailer has implemented corrective measures, a CMP is the appropriate sanction when statutory hardship criteria are met. See Cross v. United States, 512 F.2d 1212, 1218 (4th Cir. 1975) (emphasizing proportionality and statutory purpose in SNAP sanctions).

34. Under de novo review, this Court is not confined to the administrative record and may consider additional evidence, including affidavits and testimony, bearing on hardship and access. See Goldstein v. United States, 9 F.3d 521, 523 (6th Cir. 1993).

## COUNT I
## Misapplication of 7 C.F.R. § 278.6(f)(1)

35. Plaintiff incorporates by reference all allegations contained in this Verified Complaint as though fully set forth herein.

36. Even accepting the occurrence of violations, disqualification would cause hardship to SNAP households because La Rosita is the only walkable, full-service supermarket reasonably accessible to many neighborhood SNAP participants.

37. FNS's refusal to impose a CMP instead of disqualification misapplies § 278.6(f)(1) and is contrary to law especially since the purported violations are non-trafficking, isolated, technical in nature, and the retailer has implemented corrective measures.

38. The agency failed to adequately consider whether alternative stores were

walkable for SNAP households without vehicles.

39. FNS disregarded the specific evidence of hardship presented by Plaintiff and relied on conclusory reasoning that failed to address the unique circumstances of the community served by La Rosita.

40. The agency's decision was based on conclusory reasoning that failed to address the specific evidence of hardship presented by Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Plaintiff is entitled to a Civil Money Penalty in lieu of the six-month disqualification;
2. Set aside the six-month disqualification imposed by FNS;
3. Enjoin FNS from enforcing the disqualification pending resolution of this matter;
4. Award Plaintiff its costs and reasonable attorney fees; and
5. Grant such other relief as the Court deems just and proper.

## COUNT II
## Arbitrary and Capricious Agency Action in
## Violation of the Administrative Procedure Act

41. The Plaintiff incorporates by reference all allegations contained in this Verified Complaint as though fully set forth herein.

42. Plaintiffs The Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), requires a reviewing court to set aside agency action that is arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law. Mich. Ass'n of Home Builders v. Dir. of Dep't of Labor & Econ. Growth, 276 Mich. App. 467, Galien Twp. Sch. Dist. v. Dep't of Educ., 310 Mich. App. 238.

43. An agency action is arbitrary and capricious where the agency:

   a. Relies on factors Congress did not intend it to consider;

   b. Fails to consider an important aspect of the problem;

   c. Offers an explanation that runs counter to the evidence before the agency; or

   d. Provides a conclusory explanation that does not permit meaningful judicial review.

44. In denying a Civil Money Penalty under 7 C.F.R. § 278.6(f)(1), FNS relied almost exclusively on a mechanical store-count and distance analysis, asserting that other authorized retailers existed within approximately one mile of La Rosita.

45. That analysis failed to consider critical and undisputed aspects of the hardship inquiry, including:

   a. Whether alternative stores were walkable for SNAP households without vehicles;

   b. The presence of elderly, disabled, and mobility-impaired SNAP

      recipients in the immediate service area;

    c. The real-world shopping behavior of low-income SNAP households constrained by time, physical ability, and transportation;

    d. Whether alternative stores were meaningfully accessible as a practical matter, rather than theoretically available on a map.

    e. The actual food products available at other locations.

46. By treating loss of access to La Rosita as mere "inconvenience," FNS disregarded the remedial purpose of SNAP and failed to explain why the elimination of the only walkable, full-service supermarket for many households did not constitute hardship under the regulation.

47. The Final Agency Decision also failed to engage with record evidence favorable to Plaintiffs, including acknowledgments that:

    a. Clerks refused to exchange SNAP benefits for cash;

    b. Clerks refused ineligible items during other investigative visits;

    c. No trafficking, fraud, or intentional misconduct was alleged;

    d. The violations were limited in number and technical in nature.

48. Instead of grappling with these facts, FNS relied on generalized assumptions about employee supervision and speculative inferences untethered to the actual investigative findings.

49. Additionally, during the administrative appeal process, Plaintiffs were not

permitted oral argument or any meaningful opportunity to address the agency's hardship analysis in an adversarial setting, further underscoring the arbitrary nature of the decision-making process.

50. The Final Agency Decision therefore reflects a predetermined outcome rather than a reasoned decision-making process, depriving Plaintiffs of the fair consideration required by the APA.

51. Because FNS failed to articulate a rational connection between the facts found and the choice made, and failed to consider important aspects of the hardship inquiry mandated by regulation, the decision must be set aside under 5 U.S.C. § 706(2)(A).

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Plaintiff is entitled to a Civil Money Penalty in lieu of the six-month disqualification;

2. Set aside the six-month disqualification imposed by FNS;

3. Enjoin FNS from enforcing the disqualification pending resolution of this matter;

4. Award Plaintiff its costs and reasonable attorney fees; and

5. Grant such other relief as the Court deems just and proper.

*PLAINTIFFS' VERIFICATION*:

I certify that the above information is true to the best of my knowledge, information, and belief.

X _____  Date: 1/21/2026
**La Rosita Inc.**
**By: Angelica Saenz, its President**

Respectfully submitted,

THE PRIVATE FIRM PLLC

Dated: January 21, 2026

/s/ *Reese Serra*
Reese Serra (P74482)
Mateusz Wozniak (P78554)
Attorneys for Plaintiff
125 E Third St, Ste. 100
Rochester, MI 48307
248-781-4500
info@thefirm.net